Requestor: Hon. Richard F. Corbisiero, Jr., Chairman New York State Racing and Wagering Board 400 Broome Street New York, N.Y. 10013
Written by: Robert Abrams, Attorney General
Your office has asked whether it is permissible for an organization authorized to conduct games of chance under article 9-A of the General Municipal Law to utilize a vending machine to dispense "bell jar" type gambling tickets.
Article I, section 9 of the New York Constitution bans all forms of gambling which are not authorized by the Constitution itself. In addition to provisions establishing the State lottery and pari-mutuel betting on horse racing, the Constitution gives cities, towns and villages the power to authorize eleemosynary groups to raise funds by conducting bingo games and other particular games of chance (NY Const, Art I, § 9[2]). "Games of chance" are defined in the Constitution as
 "games in which prizes are awarded on the basis of a winning number or numbers, color or colors, or symbol or symbols determined by chance from among those previously selected or played, whether determined as the result of the spinning of a wheel, a drawing or otherwise by chance".
The procedures for enacting and conducting the various games of chance authorized by section 9 are set forth in article 9-A of the General Municipal Law. Legislation adding bell jar games to the General Municipal Law was enacted in 1988 (L 1988, ch 46). "Bell jars" are defined in the following way:
 "`Bell jars' shall mean and include those games in which a participant shall draw a card from a jar or other suitable container which contains numbers, colors or symbols that are covered and which, when uncovered, may reveal that a prize shall be awarded on the basis of a designated winning number, color or symbol or combination of numbers, colors or symbols" (General Municipal Law, § 186[3-a]).
Under the General Municipal Law, games of chance may be operated no more than twelve times a year, for a period of time not to exceed fourteen consecutive hours (General Municipal Law, §§ 186[15], 195-b). These restrictions do not, however, apply to bell jar games, which may be conducted on an ongoing basis throughout the year on the premises of the licensed authorized organization (ibid.). In addition, the games may be conducted during the organization's licensed bingo and games of chance occasions, which may take place at locations other than the organization's premises (9 NYCRR § 5620.19[c][13]). All prizes from the operation of the bell jar are to be awarded in cash upon redemption of the ticket (9 NYCRR § 5620.19[c][9]).
The issue raised in your office's letter is whether the bell jar cards can be dispensed by vending machines specifically manufactured for that purpose.* Materials enclosed with the request indicate that the machines operate like any vending machine: the consumer inserts money (anywhere from 25¢ to $2.00) and the machine dispenses a bell jar ticket. The game then proceeds in the same manner as an ordinary bell jar game: the ticket is broken open to determine if it is a winner and, if so, redeemed for cash.
In the past, we have narrowly construed the various provisions of New York law which carve out exceptions to the broad constitutional prohibition against gambling. In a 1985 opinion we concluded that the laws and regulations establishing bingo as a game involving the selection of numbered balls from a receptacle, defined bingo as a mechanical game, and were not broad enough to authorize an electronic bingo game (1985 Op Atty Gen 28). Similarly, in prior opinions we concluded that the statutory and constitutional language did not authorize a proposed sports betting lottery or electronic games which simulated card games (1984 Op Atty Gen 11; 1981 Op Atty Gen 68).
Turning to the immediate case, bell jars are, by definition, games in which the participant "shall draw a card from a jar or other suitable container" (General Municipal Law, § 186[3-a]). The question becomes, therefore, whether the proposed dispensing of tickets by vending machines is equivalent to drawing a ticket from a suitable container for purposed of the General Municipal Law.
As described in the General Municipal Law, the bell jar game involves the direct selection of tickets by the player from a jar or container. The language of the statute, in our view, does not envision a dispensing machine. We believe that the use of vending machines is significantly different from the bell jar game described in the General Municipal Law. The use of the vending machine introduces a level of mechanical sophistication that was not clearly authorized by the Legislature.
As discussed above, in an earlier opinion we concluded that the authorization for mechanical bingo was not broad enough to encompass a more technically sophisticated version of the game — i.e., electronic bingo (1984 Op Atty Gen 11). Under the same analysis, we conclude that the authorization for drawing tickets from jars and similar containers does not include the more sophisticated mechanical devices which dispense cards.
We conclude that article 9-A of the General Municipal Law, dealing with games of chance, does not permit the utilization of vending machines to dispense bell jar cards.
* You have informed us that pending receipt of this opinion the Board has enacted a regulation prohibiting dispensing bell jar tickets from coin-operated machines (9 NYCRR § 5620.19[c][1]).